Christopher W. Olmsted, CA Bar No. 173771
christopher.olmsted@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:   858-652-3101

Natalie Hernandez Catahan CA Bar No. 289350
natalie.hernandez@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant Eyecare Services Partners Management LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JENNIFER GONZALES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EYECARE SERVICES PARTNERS MANAGEMENT LLC, a Delaware Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 5:21-cv-0060<br><br>**DEFENDANT EYECARE SERVICES PARTNERS MANAGEMENT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>[*Filed concurrently herewith Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declarations of Karen Rose and Natalie Hernandez Catahan; Notice of Related Cases; and Request for Judicial Notice*]<br><br>Complaint Filed: November 5, 2020 |

45560673_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Eyecare Services Partners Management LLC ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff Jennifer Gonzales ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Delaware and the State of Texas; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## I.   THE STATE COURT ACTION

1.   On or about November 5, 2020, Plaintiff filed an action against Defendant entitled "JENNIFER GONZALES, an individual, Plaintiff vs. EYECARE SERVICES PARTNERS MANAGEMENT LLC, *et al.*," in Riverside County Superior Court, Case Number CVSW2000254.

2.   On December 14, 2020, Plaintiff served Defendant's agent for service of process, CT Corporation System, with the following documents: Summons; Notice of Case Management Conference; Notice of Department Assignment; Civil Case Cover Sheet; Certificate of Counsel; and Complaint for Damages, true and correct copies of which are collectively attached hereto as "**Exhibit A**."  A true and correct copy of the Service of Process Transmittal Notice is attached hereto as "**Exhibit B**."

3.   The Complaint alleges that Plaintiff was discriminated against on the basis of her disability and pregnancy.  Specifically, Plaintiff asserts causes of action for: (1) discrimination on the basis of pregnancy, childbirth or related medical

condition; (2) interference/violation of pregnancy disability leave rights; (3) disability discrimination; (4) gender discrimination; (5) retaliation; (6) failure to prevent gender discrimination; (7) failure to accommodate; (8) failure to engage in the interactive process; (9) retaliation based on request of disability leave; (10) retaliation; (11) negligent supervision; (12) intentional infliction of emotional distress; and (13) wrongful termination in violation of public policy.  *See* Complaint.

4. On January 11, 2021, Defendant filed its Answer in Riverside County Superior Court.  A true and correct copy of Defendant's Answer is attached hereto as "**Exhibit C**."

## II.   REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

6. Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days of when service on Defendant was completed.  *See* Fed. R. Civ. P. 26.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. **Plaintiff is a Citizen of California**.  For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. Complaint ¶ 1 ("Plaintiff … is a natural person who is, and at all relevant times was,

a resident of the United States and a domiciliary of the State of California.")

8. **Defendant is a Citizen of Delaware and Texas.** Defendant is now and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Id*. at 92-93.

10. At the time of the filing of this action, Defendant was, and still is, a corporation organized and incorporated under the laws of the State of Delaware. *See* "**Exhibit D**" to Declaration of Karen Rose ("Rose Decl.") at ¶ 3. Defendant has not been incorporated in California. *See* Rose Decl. at ¶ 3. Defendant's principal place of business is in the State of Texas as it performs the vast majority of its executive and administrative functions at its corporate headquarters at 2727 N. Harwood St., Ste. 350, Dallas, Texas, 75201. Rose Decl. ¶ 4. Defendant's executive officers, including the chief executive officer, chief financial officer, chief human resources officer, and general counsel, maintain their offices at Defendant's headquarters in Dallas, Texas. *Id*. From its headquarters in Texas, Defendant makes and implements company-wide operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions. *Id*. Accordingly,

Defendant is not a citizen of the state of California. Rather, Defendant is a citizen of the State of Delaware and of the State of Texas pursuant to the "nerve center" test and its incorporation.

11. **<u>The Citizenship of "Doe Defendants" Must Be Disregarded.</u>** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a). This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and Defendant is not a citizen of California. Therefore, complete diversity among the parties exists now, and did so at the time of the filing of the operative Complaint on November 5, 2020.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

12. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.,* 171 F. 3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

13. This Court's jurisdictional minimum, an amount in controversy in excess

of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.[1]

14.   Plaintiff seeks to recover general and special damages, including but not limited to substantial losses in earnings and other employment benefits, medical expenses, emotional distress, punitive damages, and attorneys' fees and costs. *See* Complaint ¶¶ 46-48, 56-58, 64-67, 74-76, 81-83, 88-90, 95-97, 104-107, 112-115, 123-125, 131-134, 138-139, 147-150 and Prayer for Relief ¶¶ 1-6.

15.   Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that she seeks is well in excess of $75,000. Specifically, Defendant estimates the amount in controversy as follows:

### A.   Lost Earnings

16.   Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Defendant. At the time of Plaintiff's termination on July 1, 2020, Plaintiff was classified as a full-time employee earning an hourly rate of $16.00 per hour. Rose Decl. ¶¶ 5-6.

17.   Plaintiff's employment with Defendant ended on July 1, 2020. Rose Decl. ¶ 5. Thus, at the time of this removal, Plaintiff's alleged unmitigated wage damages are approximately $17,920 (which is $16 x 40 hours per week x 28 weeks of missed work). Based on the 2020 Judicial Caseload Profile for the Central District of California, the median time from filing in federal court to trial in a civil case is 20 months. *See* **"Exhibit E"** to Declaration of Natalie Hernandez Catahan ("Catahan Decl.") ¶ 3. By the time this case is resolved at trial, likely no earlier than September

---

[1] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

13, 2022 (20 months from the date the lawsuit was removed to federal court, and approximately 115 weeks since Plaintiff's termination), Plaintiff's unmitigated lost wages could amount to approximately $73,600 (which is $16 x 40 hours per week x 115 weeks of missed work).

### A. Emotional Distress Damages

18. Plaintiff alleges that, as a result of Defendant's actions, she suffered and continues to suffer from "humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish … ." Complaint ¶¶ 47, 57, 65, 75, 82, 89, 96, 105, 113, 124, 132, 139, 148. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons supra*, 209 F. Supp. 2d at 1031–35.

19. To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation. *See, e.g., Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves of absence); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange County Sup. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.,* 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who provided note that she needed work restriction and then was terminated shortly thereafter); *Royal v. Los Angeles Community College District*, 2007 WL 1708023 (L.A. County Sup. Ct.) (awarding the

45560673_1.docx

6

Case No. 5:21-cv-0060

DEFENDANT EYECARE SERVICES PARTNERS MANAGEMENT LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION

plaintiff $65,000 in emotional distress damages for pregnancy discrimination).  True and correct copies of these verdicts are attached as **"Exhibit F"** to Catahan Decl. at ¶ 5.

20. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of emotional distress damages in addition to any award for lost wages and benefits.

### B. Punitive Damages

21. Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. *See* Complaint ¶¶ 66, 106, 114, 133, 149.

22. "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson, supra*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

23. California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. *See Lopez, supra,* 2007 WL 4339112 (San Francisco Sup. Ct.) ($2,000,000 punitive damages award to an employee who sued for pregnancy discrimination, on top of a $122,000 emotional distress damages award); *Juarez, supra,* 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the compensatory damage award, was appropriate in FEHA case); *Robinson v. Mantra Films, Inc.*, 2006 WL 3198969 (L.A. County Sup. Ct.) (plaintiff in pregnancy discrimination case claiming $12,964 in back wages, was awarded $137,930 in unspecified damages by an arbitrator); and *Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. 2013) (noting in pregnancy discrimination case that the

$75,000 threshold would be "easily met" by adding $47,920.00 in projected lost wages to emotional distress damages, punitive damages, and statutory attorney's fees likely to be in excess of $27,280.00). True and correct copies of these verdicts are attached as **"Exhibit F"** to Catahan Decl. at ¶ 5.

24.  Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

### C.  **Attorneys' Fees**

25.  Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S, supra,* 142 F.3d at 1155-56. Attorneys' fees are recoverable as a matter of right to the prevailing party under the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code, § 12965.

26.  Here, Plaintiff seeks attorneys' fees under FEHA pursuant to the California Government Code. *See* Complaint ¶¶ 48, 58, 67, 76, 83, 90, 97, 107, 115, 125 and Prayer for Relief ¶ 5. Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount-in-controversy requirement.

27.  Courts have awarded far in excess of $75,000 in attorneys' fees in FEHA cases. *See, e.g.*, *Beasley v. East Coast Foods, Inc.* Case No. BC509995 (L.A. County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case). A true and correct copy of this verdict is attached as **"Exhibit F"** to Catahan Decl. at ¶ 5.

28.  Defendant anticipates depositions being taken in this case and that Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *See* Catahan Decl. ¶ 4.

29.  Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction.

*Sanchez*, *supra*, 102 F.3d at 404; *see, e.g., Simmons*, *supra,* 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); and *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal). True and correct copies of these verdicts are attached as **"Exhibit F"** to Catahan Decl. at ¶ 5.

30. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

V. **THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET**

31. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Riverside is located within the Central District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. 84(c), because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

32. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal

was filed within 30 days after service of the Complaint on December 14, 2020.

33. In accordance with 28 U.S.C. § 1446(a), Exhibits A and C, attached hereto, contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

34. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, Riverside County.

35. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

DATED: January 13, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Natalie Hernandez Catahan*
Christopher W. Olmsted
Natalie Hernandez Catahan
Attorneys for Defendant Eyecare Services Partners Management LLC

# PROOF OF SERVICE
*Jennifer Gonzales v. Eyecare Services Partners Management LLC, et al.*
Case No. 5:21-cv-0060

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On January 13, 2021, I served the following document(s):

**DEFENDANT EYECARE SERVICES PARTNERS MANAGEMENT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Joshua D. Gruenberg, Esq.<br>Daphne A.M. Delvaux, Esq.<br>GRUENBERG LAW<br>2155 First Avenue<br>San Diego, CA 92101-2013 | Attorneys for Plaintiff<br>Jennifer Gonzales<br>Telephone: 619-230-1234<br>Facsimile: 619-230-1074 |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal):** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 13, 2021, at Costa Mesa, California.

*/s/ Diane Vo*
Diane Vo