# EXHIBIT A

#39217 - 12-14-2020
1:30pm

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EYECARE SERVICES PARTNERS MANAGEMENT LLC, a
California Corporation; and DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER GONZALES, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside

11/5/2020
J. Valdez

Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of CA, Riverside
30755-D Auld Road, Murrieta, Ca 92563

**CASE NUMBER:**
*(Número del Caso):*
**CVSW2000254**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Josh D. Gruenberg, Esq. GRUENBERG LAW  2155 First Avenue San Diego CA 92101 619-230-1234

DATE: ~~10/29/2020~~ 11/5/2020     Clerk, by _____ , Deputy
*(Fecha)*                          *(Secretario)*       J. Valdez      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Eyecare Services Partners Management LLC, a California Corporation

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL] SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF RIVERSIDE

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

Case Number:  CVSW2000254

Case Name:   GONZALES vs EYECARE SERVICES PARTNERS MANAGEMENT LLC

Joshua David Gruenberg
2155 1ST AVE
San Diego, CA 92101

### NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/25/2021 | 8:30 AM | Department S303 |
| Location of Hearing: | | |
| 30755-D Auld Road, Murrieta, CA 92563 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/int-047.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A Request for Accommodations by Persons With Disabilities and Order (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
Southwest Justice Center
30755-D Auld Road, Murrieta, CA 92563

Case Number:   CVSW2000254

Case Name:   GONZALES vs EYECARE SERVICES PARTNERS MANAGEMENT LLC

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Judge Raquel A. Marquez in Department S303 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/Interpreters/info/int-h007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A Request for Accommodations by Persons With Disabilities and Order (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

Dated: 11/25/2020                                 W. SAMUEL HAMRICK JR.,
                                                  Court Executive Officer/Clerk of Court

                                            by: _____
                                                  J. Valdez, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua D. Gruenberg, Esq #163281,<br>GRUENBERG LAW<br>2155 First Avenue, San Diego, CA 92101<br>TELEPHONE NO.: 619.230.1234   FAX NO.: 619.230.1234<br>ATTORNEY FOR (Name): Plaintiff, Jennifer Gonzales | **FILED**<br>Superior Court of California<br>County of Riverside<br>11/5/2020<br>J. Valdez<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: Southwest Justice Center

CASE NAME:
Gonzales v. Eyecare Services Partners Management LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CVSW2000254 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action (specify): 12
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 29, 2020
Joshua D. Gruenberg, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☒ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Joshua D. Gruenberg, #163281
Gruenberg Law, 2155 First Avenue, San Diego, CA 92101

TELEPHONE NO: 619 230 1234        FAX NO. (Optional):
E-MAIL ADDRESS (Optional): josh@gruenberglaw.com
ATTORNEY FOR (Name): Plaintiff

PLAINTIFF/PETITIONER: JENNIFER GONZALES

DEFENDANT/RESPONDENT: EYECARE SERVICES PARTNERS MANAGEMENT

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside

**11/5/2020**
J. Valdez

**Electronically Filed**

CASE NUMBER:
**CVSW2000254**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of:        92562

☒  The action concerns real property located in the zip code of:        92562

☒  The Defendant resides in the zip code of:        92562

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   October 22, 2020

Joshua D. Gruenberg
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶                                    (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/16/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localrms/localrms.shtml

Joshua D. Gruenberg (163281)
Daphne A.M. Delvaux (292345)
GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
**JENNIFER GONZALES**

FILED
Superior Court of California
County of Riverside
11/5/2020
J. Valdez
Electronically Filed

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| JENNIFER GONZALES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EYECARE SERVICES PARTNERS MANAGEMENT LLC, a California Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.  **CVSW2000254**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. DISCRIMINATION ON BASIS OF PREGNANCY, CHILDBIRTH OR RELATED MEDICAL CONDITION [Cal. Gov't Code § 12945];<br>2. INTERFERENCE/VIOLATION OF PREGNANCY DISABILITY LEAVE RIGHTS [Cal. Gov't Code § 12945(a)];<br>3. DISABILITY DISCRIMINATION [Cal. Gov't Code §12940(a)];<br>4. GENDER DISCRIMINATION [Cal. Gov't Code § 12940(a)];<br>5. RETALIATION [Cal. Gov't Code § 12940(h)];<br>6. FAILURE TO PREVENT GENDER DISCRIMINATION [Cal. Gov't Code § 12940(k)];<br>7. FAILURE TO ACCOMMODATE [Cal. Gov't Code § 12940(m)];<br>8. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Cal. Gov't Code § 12940(n)];<br>9. RETALIATION BASED ON REQUEST OF DISABILITY LEAVE [Cal. Gov't Code §12945.6];<br>10. RETALIATION [Cal. Lab. Code § 1102.5].<br>11. NEGLIGENT SUPERVISION;<br>12. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>12. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY. |

**[JURY TRIAL DEMANDED]**

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.  Plaintiff JENNIFER GONZALES, (hereinafter "Plaintiff" or "GONZALEZ") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendant, EYECARE SERVICES PARTNERS MANAGEMENT, LLC, (hereinafter "EYECARE" or "Defendant"), is a private entity doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 et seq.  On information and belief EYECARE employs in excess of five employees in Los Angeles and elsewhere.

3.  Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

4.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

5.  Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

6.  The tortious acts and omissions alleged herein were performed by management level employees of Defendant.  Defendant allowed and/or condoned a continuing pattern of

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    fraudulent and unfair practices.

2   7.   At all times mentioned herein, Cal. Gov't Code §12940, et seq., was in full force and

3    effect and was binding on Defendants.

4   8.   The actions of Defendants against Plaintiff constitute unlawful employment practices in

5    violation of Cal. Gov't. Code §12940, et seq., as herein alleged, and have caused, and

6    will continue to cause, Plaintiff emotional distress and loss of earnings.

7   9.   At all times mentioned herein, Cal. Lab. Code § 1197.5(a) was in full force and effect and

8    was binding on Defendants.

9   10.   The actions of Defendants against Plaintiff constitute unlawful employment practices in

10    violation of Cal. Lab. Code § 1197.5(a) as herein alleged, and have caused, and will

11    continue to cause, Plaintiff emotional distress and loss of earnings.

12   11.   Defendants had actual and constructive knowledge of the tortious acts and omissions

13    alleged and thereafter ratified said conduct by failing to reprimand or terminate.

14   12.   Defendants, and each of them, committed these acts alleged herein maliciously,

15    fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and

16    acted with an improper and evil motive amounting to malice or despicable conduct.

17    Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard

18    for Plaintiff's rights.

19   13.   Plaintiff filed her charges of discrimination and against Defendant with the California

20    Department of Fair Employment and Housing on October 1, 2020, and thereafter, on that

21    same day, received from the DFEH her "Right to Sue" letters, which are collectively

22    attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

24   14.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

25    the preceding paragraphs as though fully set forth herein.

26   15.   Defendant EYECARE SERVICES PARTNERS MANAGEMENT provides ophthalmic,

27    optometric and ambulatory surgery centers.

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

16. Defendant hired Plaintiff on May 8, 2019 as a Patient Services Representative.

17. Plaintiff worked at the Menifee office.

18. In or around June 2019, Michelle Wyngaarden, employed by Defendant as Clinical Administrator, informed Plaintiff she wanted to train her in new skills.

19. In or around mid-June 2019, Plaintiff's supervisor, Arlene Cruz, informed Plaintiff she wanted to move her to the Murrieta office because she would have more professional opportunities there, and they could use Plaintiff's skills as she was trained in Emergency Room services.

20. In or around July 20, 2019, Plaintiff found out she was pregnant.

21. The next day, Plaintiff emailed Cruz, informing her of her pregnancy. Plaintiff then asked Cruz when the move would take place as she would need to make arrangements with her family. Cruz did not respond. Plaintiff followed up multiple times.

22. About one month later, one of Plaintiff's coworkers told Cruz that Plaintiff was needed in Murrieta immediately. Plaintiff then had to immediately rush to Murrieta to accommodate Defendant's needs.

23. Once Plaintiff was established in the Murietta office, she saw Cruz occasionally. During these occasions, Cruz was not pleasant towards Plaintiff, and her behavior was in stark contrast to how she treated Plaintiff prior to her notice of pregnancy.

24. Plaintiff experienced morning sickness and suffered a high-risk pregnancy. Plaintiff's disability necessitated regular medical visits. Cruz told Plaintiff she needed to use PTO for all of her prenatal visits, and failed to provide Plaintiff her lawful Pregnancy Disability Leave, in violation of Cal. Gov't Code § 12945 and 2 CCR § 11035(f) for either morning sickness or the prenatal visits.

25. On November 7, 2019, Wyngaarden emailed Plaintiff, admonishing her for missing too much work, and informing her she was on "attendance probation." In response, Plaintiff explained her needs for medical appointments due to her high-risk pregnancy. Plaintiff asked how long the probation would last. Wyngaarden replied, "The remainder of your

pregnancy, unless your attendance dramatically improves."

26. On December 6, 2018, Plaintiff emailed Cruz, notifying her of an upcoming prenatal appointment, and alerting her she would bring a medical note back after the appointment. In response, Cruz accused Plaintiff of not having any PTO accrued to cover the visit, and told her she will receive a write-up and will not be paid. Plaintiff replied that she had to be able to attend her medical appointments, explaining she was high-risk and could not risk not being seen by a Specialist on account of receiving a write-up. Cruz did not respond.

27. Plaintiff experienced stress due to Defendant's treatment, including stomach cramps. She relayed this to Cruz, who did not respond. From Plaintiff's perspective, Cruz did not seem to care about the stress she was causing Plaintiff and the uncomfortable work environment she was forcing Plaintiff to work in.

28. On one occasion, Wyngaarden emailed Plaintiff that she was missing too much work and that she was on attendance probation. Plaintiff responded how long she would be on probation. Wyngaarden replied, "The remainder of your pregnancy or until your attendance improves."

29. On December 9, 2020, Plaintiff texted Cruz, "I haven't heard from you so I'm just trying to find out what you'd like me to do. I do have another Dr appointment tomorrow at 1130 a.m. but I know you'd mentioned that I will be written up for today and basically any other appointments thereafter because I don't have any remaining PTO. Would you like me to still show up or will I have to worry that I will be fired?" Cruz responded, "You need to show up [to] work you can go to your appointment and return back to work. Make sure you provide me with all of ur Doctors notes I will be at work at 8 am waiting for [y]ou." Plaintiff then lodged a complaint of illegal conduct, writing, "I feel I am being discriminated against for these appointments. I'm high risk and under a lot of stress." Cruz dismissed her complaint.

30. On December 10, 2019, Plaintiff texted Cruz that she felt threatened and that her stomach

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    had been cramping since their conversation, telling her "This is not just me you're

2    affecting my baby as well." Cruz did not respond.

3    31.    Later that day, Plaintiff attended a prenatal visit. Plaintiff's physician asked Plaintiff how

4    things were at work. Plaintiff expressed that she was stressed and explained what was

5    happening. Plaintiff's physician asked if she was experiencing cramping. Plaintiff

6    responded, "yes." After review, Plaintiff's physician discovered that the stress was

7    causing Plaintiff to dilate and instructed Plaintiff to go on disability leave for pregnancy

8    complications.

9    32.    Plaintiff immediately texted Cruz, "I have been put off work the remainder of my

10    pregnancy effective today. I have a note."

11    33.    Plaintiff's medical note, dated December 10, 2019, indicated Plaintiff was placed on

12    disability effective December 10, 2019 for "Pregnancy-related Complications."

13    34.    When Plaintiff provide notice of her leave to Defendant, they accused her she was not

14    eligible for Disability Leave because she had not been there one year. This was

15    immaterial, as there is no length of service requirement to take Pregnancy Disability

16    Leave. 2 CCR § 11035(g). An employer must allow an employee who is disabled due to

17    pregnancy, childbirth or a related medical condition to take a leave up to a maximum of

18    four months per pregnancy. Gov. C. § 12945(a); 2 CCR § 11042(a). This law applied to

19    Defendant as it is an employer covered by the Fair Employment and Housing Act. Cal.

20    Gov. Code § 12926(d); 2 CCR § 11035(h).

21    35.    On February 13, 2020, Marla Smith-Fulsom, employed by Defendant as HR Generalist,

22    emailed Plaintiff expressing her that she is in unapproved leave, and that her job is not

23    protected, in violation of Gov. C. § 12945(a); 2 CCR § 11042(a).

24    36.    On March 5, 2020, Plaintiff emailed Smith-Fulsom and asked for clarification regarding

25    her disability leave. Smith-Fulsom never responded.

26    37.    On March 23, 2020, Defendant furloughed Plaintiff, informing her that she would be

27    notified when she could return to work, and that the furlough is not caused by her job

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1 performance.

2 38. In August 2020, Plaintiff noticed that her job was posted on Indeed.com. Defendant never

3  reached out to Plaintiff to reinstate her. Plaintiff then learned she was being replaced, and

4  wrongfully terminated. An employer must reinstate an employee to the same or

5  comparable position upon return from leave. Government Code § 12945.2(a); 2CCR §

6  11089(a)(d).

7 39. Defendant used the pandemic as a disguise to cover up an illegal termination of an

8  employee on maternity leave.

9 40. Due to the wrongful termination, Plaintiff suffered extreme anxiety and depression, as

10  well as financial harm. Plaintiff was unable to enjoy her pregnancy or bonding experience

11  due to the stress inflicted by Defendant. Plaintiff mourns that the special bonding time

12  with her newborn baby will always be tainted by Defendant's discrimination of her..

13      **FIRST CAUSE OF ACTION**

14   **DISCRIMINATION ON BASIS OF PREGNANCY, CHILDBIRTH OR**

15      **RELATED MEDICAL CONDITION**

16      **[Cal. Gov't Code § 12945]**

17 41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in

18  the preceding paragraphs as though fully set forth herein.

19 42. Defendant was aware of Plaintiff's medical condition related to her pregnancy and

20  childbirth.

21 43. Plaintiff's disability due to pregnancy, childbirth, or other related medical condition was

22  a motivating reason for Defendant to discriminate against Plaintiff in the terms,

23  conditions and privileges of her employment, including but not limited to failing to

24  provide Plaintiff with time off for prenatal visits, retaliation and termination.

25 44. In addition, Defendant failed to provide Plaintiff her lawful Pregnancy Disability Leave,

26  in violation of Cal. Gov't Code § 12945 and 2 CCR § 11035(f) for either morning

27  sickness or the prenatal visits. Defendant then failed to provide Plaintiff her lawful

28

GRUENBERG LAW
215 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1   Pregnancy Disability Leave for pregnancy-related conditions or to recover from

2   childbirth.

3   45.   Defendant's conduct of discriminating against Plaintiff in the terms, conditions and

4   privileges of her employment on the basis of her medical condition related to pregnancy

5   or childbirth violated Government Code section 12945.

6   46.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

7   sustained and continues to sustain substantial losses in earnings, employment benefits,

8   employment opportunities, and Plaintiff has suffered other economic losses in an amount

9   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

10  47.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

11  suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

12  mental and physical pain and anguish, all to her damage in a sum to be established

13  according to proof.

14  48.   In addition to such other damages as may properly be recovered herein, Plaintiff is

15  entitled to recover prevailing party attorneys' fees pursuant to Government Code section

16  12965(b).

17  ## SECOND CAUSE OF ACTION

18  ## INTERFERENCE/VIOLATION OF PREGNANCY DISABILITY LEAVE RIGHTS

19  ### [Cal. Gov't Code § 12945(a); 2 CCR §11042(a)]

20  49.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

21  the preceding paragraphs as though fully set forth herein.

22  50.   Defendant was aware of Plaintiff's medical condition related to her pregnancy and

23  childbirth.

24  51.   An employer must allow an employee who is disabled due to pregnancy, childbirth or a

25  related medical condition to take a leave up to a maximum of four months per pregnancy.

26  Gov. C. § 12945(a); 2 CCR § 11042(a). This law applied to Defendant as it is an

27  employer covered by the Fair Employment and Housing Act. Cal. Gov. Code § 12926(d);

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    2 CCR § 11035(h).

2    52.    Plaintiff was eligible for Pregnancy Disability Leave

3    53.    Plaintiff requested Pregnancy Disability Leave.

4    54.    Defendant refused to grant Plaintiff's request for Pregnancy Disability Leave.

5    55.    Defendant failed to provide Plaintiff her lawful Pregnancy Disability Leave, in violation

6           of Cal. Gov't Code § 12945 and 2 CCR § 11035(f) for either morning sickness or the

7           prenatal visits. Defendant then failed to provide Plaintiff her lawful Pregnancy Disability

8           Leave for pregnancy-related conditions or to recover from childbirth. Defendant also

9           failed to reinstate Plaintiff to the same or a comparable job when her leave ended. An

10          employer must reinstate an employee to the same or comparable position upon return

11          from leave. Government Code § 12945.2(a); 2CCR § 11089(a)(d).

12   56.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

13          sustained and continues to sustain substantial losses in earnings, employment benefits,

14          employment opportunities, and Plaintiff has suffered other economic losses in an amount

15          to be determined at time of trial. Plaintiff has sought to mitigate these damages.

16   57.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

17          suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

18          mental and physical pain and anguish, all to her damage in a sum to be established

19          according to proof.

20   58.    In addition to such other damages as may properly be recovered herein, Plaintiff is

21          entitled to recover prevailing party attorneys' fees pursuant to Government Code section

22          12965(b).

23                             **THIRD CAUSE OF ACTION**

24                             **DISABILITY DISCRIMINATION**

25                             **[Cal. Gov't Code § 12940(a)]**

26   59.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

27          the preceding paragraphs as though fully set forth herein.

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

60. Defendant was aware of Plaintiff's physical disability or medical condition that limits her ability to work.

61. Plaintiff suffered from the physical disability or medical condition alleged herein. However, Plaintiff was able to perform her essential job duties with reasonable accommodation.

62. Plaintiff's physical disability or medical condition was a motivating reason for Defendant's adverse actions against her, including failure to accommodate, retaliation and termination.

63. Defendant's adverse actions against Plaintiff on the basis of her physical disability or medical condition violate Cal. Gov't Code §12940(a).

64. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

65. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

66. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

67. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

///

///

///

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## FOURTH CAUSE OF ACTION

### GENDER DISCRIMINATION

### [Cal. Gov't Code § 12940(a)]

68.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

69.   At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and effect and was binding on Defendant. This section required Defendant, as an employer, to refrain from discrimination against any employee on the basis of their sex or gender.   Gender subgroups ("sex plus" as basis for discrimination): Even if an employer does not discriminate against women generally, it may be found to have discriminated against particular subgroups of women (e.g., those with children). *Phillips v. Martin Marietta Corp.* (1971) 400 US 542, 543A.

70.   California Government Code section 12926(r)(A) defines "sex" to include "pregnancy or medical conditions related to pregnancy."

71.   Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment.

72.   Plaintiff believes and thereon alleges that her gender, female, including her pregnancy and being a mother, was a motivating reason for Defendant's discrimination against her.

73.   Defendant's conduct of discriminating against Plaintiff on the basis of her gender violated Cal. Gov't Code § 12940(a).

74.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

75.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    according to proof.

2  76.  In addition to such other damages as may properly be recovered herein, Plaintiff is

3    entitled to recover prevailing party attorney's fees.

4  ### FIFTH CAUSE OF ACTION

5  ### RETALIATION

6  ### [Cal. Gov't Code § 12940(h)]

7  77.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

8    the preceding paragraphs as though fully set forth herein.

9  78.  Plaintiff opposed Defendant's gender and pregnancy discrimination, failure to

10    accommodate her pregnancy, and pregnancy-related medical condition, and failure to

11    engage in the good faith interactive process to determine what accommodations were

12    reasonable.

13  79.  Defendant engaged in conduct that, taken as a whole, materially and adversely affected

14    the terms and conditions of Plaintiff's employment.

15  80.  Plaintiff believes and hereon alleges that her opposition to Defendant's unlawful conduct

16    was a substantial motivating reason for Defendant engaging in conduct that, taken as a

17    whole, materially and adversely affected the terms and conditions of her employment.

18  81.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

19    sustained and continues to sustain substantial losses in earnings, employment benefits,

20    employment opportunities, and Plaintiff has suffered other economic losses in an amount

21    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

22  82.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

23    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

24    mental and physical pain and anguish, all to her damage in a sum to be established

25    according to proof.

26  83.  In addition to such other damages as may properly be recovered herein, Plaintiff is

27    entitled to recover prevailing party attorneys' fees pursuant to Government Code section

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    12965(b).

2

3                          **SIXTH CAUSE OF ACTION**

4    **FAILURE TO PREVENT PREGNANCY/GENDER/DISABILITY DISCRIMINATION**

5                          **[Cal. Gov't Code §12940(k)]**

6    84.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

7           the preceding paragraphs as though fully set forth herein.

8    85.    At all times mentioned herein, California Government Code section 12940 et seq. was in

9           full force and effect and was binding on Defendant.  This section provide that it is

10          unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to

11          prevent discrimination from occurring.

12   86.    Plaintiff was subjected to discrimination on the basis of her pregnancy, status as a

13          mother, and disability, as set forth herein.

14   87.    Defendant failed to take reasonable steps to prevent the discrimination and retaliation as

15          described herein.

16   88.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

17          sustained and continues to sustain substantial losses in earnings, employment benefits,

18          employment opportunities, and Plaintiff has suffered other economic losses in an amount

19          to be determined at time of trial. Plaintiff has sought to mitigate these damages.

20   89.    As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff

21          has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

22          and mental and physical pain and anguish, all to her damage in a sum to be established

23          according to proof.

24   90.    In addition to such other damages as may properly be recovered herein, Plaintiff is

25          entitled to recover prevailing party attorney fees and costs pursuant to Government Code

26          section 12965.

27   ///

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## SEVENTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

#### [Cal. Gov't Code § 12940(m)]

91.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

92.   Plaintiff has a disability that allowed her to work with accommodation.  Defendant knew of Plaintiff's disability. Plaintiff requested accommodation, as stated herein.

93.   Plaintiff was able to perform her essential job duties with accommodation for her disability, and in fact had been performing those essential duties under the requested accommodation, as stated herein.

94.   Defendant failed to provide reasonable accommodation for Plaintiff's disability.

95.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

96.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

97.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Government Code section 12965(b).

## EIGHTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### [Cal. Gov't Code §12940(n)]

98.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

99.    Plaintiff had a physical disability or medical condition that allowed her to work with accommodation.

100.   Defendant knew that Plaintiff suffered from a physical disability or medical condition.

101.   Plaintiff requested that Defendant make reasonable accommodation for her physical disability or medical condition, so that she would be able to perform her essential job requirements.

102.   Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform his essential job requirements.

103.   Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

104.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

105.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

106.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

107.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

///

///

///

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## NINTH CAUSE OF ACTION

### RETALIATION BASED ON REQUEST OF DISABILITY LEAVE

### [Cal. Gov't Code § 12945.6]

108.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

109.  At all times mentioned herein, California Government Code section 12945.6 et seq. was in full force and effect and was binding on Defendant. This section provides that it is unlawful for Defendant, as an employer, to discriminate against an individual's exercise of the right to parental leave, an individual's giving information or testimony as to his own parental leave, or another person's parental leave, in an inquiry or proceeding relating to rights guaranteed by the Fair Employment and Housing Act.

110.  Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein, including demoting Plaintiff.

111.  Plaintiff believes and thereon alleges that her request of disability leave was a substantial motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, up to and including terminating Plaintiff.

112.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

113.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

114.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    to recover punitive and exemplary damages in an amount commensurate with

2    Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible

3    conduct.

4    115.   In addition to such other damages as may properly be recovered herein, Plaintiff is

5    entitled to recover prevailing party attorney fees pursuant to California Government Code

6    section 12965.

7    **TENTH CAUSE OF ACTION**

8    **RETALIATION**

9    **[Cal. Lab. Code § 1102.5]**

10   116.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

11   the preceding paragraphs as though fully set forth herein.

12   117.   Plaintiff performed work for Defendant, as an employee of Defendant, as stated herein.

13   118.   Defendant engaged in adverse employment actions against Plaintiff in retaliation for her

14   complaints of Defendant's unlawful activities.

15   119.   Defendant discriminated against Plaintiff on the basis of pregnancy and disability.

16   120.   Plaintiff had reasonable cause to believe that Defendant's acts were discriminatory.

17   121.   Plaintiff's opposition to Defendant's illegal actions was a motivating reason for

18   Defendant's adverse employment actions, including termination.

19   122.   Defendant's conduct was a substantial factor in causing Plaintiff's harm.

20   123.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

21   sustained and continues to sustain substantial losses in earnings, employment benefits,

22   employment opportunities, and Plaintiff has suffered other economic losses in an amount

23   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

24   124.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

25   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

26   mental and physical pain and anguish, all to her damage in a sum to be established

27   according to proof.

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

125. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing attorney's fees pursuant to Code of Civil Procedure section 1021.5.

## ELEVENTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION

126. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

127. Plaintiff performed work for Defendant, as an employee, as stated herein.

128. Defendant retaliated against Plaintiff's opposition to discrimination and failure to accommodate.

129. Defendant was aware of the illegal conduct.

130. Defendant failed to correct the unlawful and unethical conduct of its supervisory employee.

131. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

132. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish, all to her damage in a sum to be established according to proof.

133. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

134. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

///

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

## TWELFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

135.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

136.  Defendant's intentional conduct, as set forth herein, was extreme and outrageous.

137.  Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did suffer extreme emotional distress as a result of Defendant's actions.

138.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits and opportunities. Plaintiff has sought to mitigate these damages.

139.  As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, mental and physical pain, and anguish, all to her damage in a sum to be established according to proof.

## THIRTEENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### [Cal. Gov't Code § 12940]

140.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in sthe preceding paragraphs as though fully set forth herein.

141.  Plaintiff performed work for Defendant, as an employee, as stated herein.

142.  Defendant also discriminated against Plaintiff, and failed to accommodate Plaintiff, in violation of Cal. Gov't Code §12940.

143.  Plaintiff was subjected to working conditions that violated public policy, in that Plaintiff was treated intolerably in retaliation for complaining to Defendant.

144.  Defendant intentionally created or knowingly permitted these working conditions.

145.  Defendant wrongfully terminated Plaintiff. The working conditions were a substantial factor in causing Plaintiff's harm.

146.   Such actions are unlawful, in violation of public policy of the State of California, and have resulted in damage and injury to Plaintiff, as alleged herein.

147.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

148.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

149.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

150.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

//

WHEREFORE, Plaintiff prays for the following relief:

1.   For general and compensatory damages in an amount according to proof;

2.   For mental and emotional distress damages;

3.   For back pay, front pay and other monetary relief;

4.   For injunctive relief, including reinstatement, promotion, and retroactive seniority;

5.   For costs of litigation, expert costs, and attorneys' fees as permitted by law;

6.   For an award of interest at the prevailing legal rate, as permitted by law;

7.   For such other and further relief as the Court deems proper and just under all the circumstances.

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

1    **PLAINTIFF JENNIFER GONZALES** demands a jury trial on all issues in this case.

2    DATED: October 8, 2020                    GRUENBERG LAW

3

4    _____

5    JOSH D. GRUENBERG
     DAPHNE A.M. DELVAUX

6    Attorneys for Plaintiff,
     **JENNIFER GONZALES**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRUENBERG LAW
2155 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-2013

# EXHIBIT A

(1)  PLAINTIFF **JENNIFER GONZALEZ'S** RIGHT TO SUE LETTER FROM
     DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING ("DFEH")

(2)  PLAINTIFF **JENNIFER GONZALEZ'S** COMPLAINT OF DISCRIMINATION
     FILED WITH DFEH



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 25, 2020

Jennifer Gonzales
2155 First Ave
San Diego, California 92101

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202009-11366825
      Right to Sue: Gonzales / Eyecare Services Partners

Dear Jennifer Gonzales:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 25, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

| | |
|---|---|
| 1 | **COMPLAINT OF EMPLOYMENT DISCRIMINATION** |
| 2 | **BEFORE THE STATE OF CALIFORNIA** |
| 3 | **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING** |
|   | **Under the California Fair Employment and Housing Act** |
|   | **(Gov. Code, § 12900 et seq.)** |

**In the Matter of the Complaint of**

Jennifer Gonzales                                          DFEH No. 202009-11366825

                              Complainant,

vs.

Eyecare Services Partners
25395 Hancock Ave Ste 100
Murrieta, California 92562

                              Respondents

---

1. Respondent **Eyecare Services Partners** is an **employer Eyecare Services Partners** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Jennifer Gonzales**, resides in the City of **San Diego**, State of **California**.

4. Complainant alleges that on or about **August 1, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions, baby bonding leave (employers of 20 - 49 people) and as a result of the discrimination was terminated, laid off, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments, denied baby bonding leave (employers of 20-49 people), denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used baby bonding leave (employers of 20-49 people), participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, denied hire or

-1-

Date Filed: September 25, 2020

1  promotion, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation

2  for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied employer paid health care while on

3  pregnancy disability leave, denied work opportunities or assignments, denied baby bonding leave (employers of 20-49 people), denied or forced to transfer.

4

5  **Additional Complaint Details:** Respondent EYECARE SERVICES PARTNERS

6  MANAGEMENT provides ophthalmic, optometric and ambulatory surgery centers. Respondent hired Claimant on May 8, 2019 as a Patient Services Representative.

7  Claimant worked at the Menifee office.
   In or around June 2019, Michelle Wyngaarden, employed by Respondent as Clinical

8  Administrator, informed Claimant she wanted to train her in new skills.
   In or around mid-June 2019, Claimant's supervisor, Arlene Cruz, informed Claimant she

9  wanted to move her to the Murrieta office because she would have more professional opportunities there, and they could use Claimant's skills as she was trained in Emergency

10  Room services.
   In or around July 2019, Claimant found out she was pregnant.

11  The next day, Claimant emailed Cruz, informing her of her pregnancy. Claimant then asked Cruz when the move would take place as she would need to make arrangements with her

12  family. Cruz did not respond. Claimant followed up multiple times.
   About one month later, one of Claimant's coworkers told Cruz that Claimant was needed in

13  Murrieta immediately. Claimant then had to immediately rush to Murrieta to accommodate Respondent's needs.

14
   Once Claimant was established in the Murrietta office, she saw Cruz occasionally. During

15  these occasions, Cruz was not pleasant towards Claimant, and her behavior was in stark contrast to how she treated Claimant prior to her notice of pregnancy.

16  Claimant experienced morning sickness and suffered a high-risk pregnancy. Claimant's disability necessitated regular medical visits. Cruz told Claimant she needed to use PTO for

17  all of her prenatal visits, and failed to provide Claimant her lawful Pregnancy Disability Leave, in violation of Cal. Gov't Code § 12945 and 2 CCR § 11035(f) for either morning

18  sickness or the prenatal visits.
   On November 7, 2019, Wyngaarden emailed Claimant, admonishing her for missing too

19  much work, and informing her she was on "attendance probation." In response, Claimant explained her needs for medical appointments due to her high-risk pregnancy. Claimant

20  asked how long the probation would last. Wyngaarden replied, "The remainder of your pregnancy, unless your attendance dramatically improves."

21  On December 6, 2018, Claimant emailed Cruz, notifying her of an upcoming prenatal appointment, and alerting her she would bring a medical note back after the appointment. In

22  response, Cruz accused Claimant of not having any PTO accrued to cover the visit, and told her she will receive a write-up and will not be paid. Claimant replied that she has to be able

23  to attend her medical appointments, explaining she is high-risk and could not risk not being seen by a Specialist on account of receiving a write-up. Cruz did not respond.

24  Claimant experienced stress due to Respondent's treatment, including stomach cramps.

25  She relayed this to Cruz, who did not respond. From Claimant's perspective, Cruz did not

26

27                                          -2-

28
   Date Filed: September 25, 2020

1   seem to care about the stress she was causing Claimant and the uncomfortable work
    environment she was forcing Claimant to work in.

2   Once Cruz knew about Claimant's pregnancy, she started building a case against Claimant.
    On on occasion, Wyngaarden emailed Claimant that she was missing too much work and

3   that she was on attendance probation. Claimant responded how long she would be on
    probation. Wyngaarden replied, "The remainder of your pregnancy or until your attendance

4   improves."

5   On December 9, 2020, Claimant texted Cruz, "I haven't heard from you so I'm just trying to
    find out what you'd like me to do. I do have another Dr appointment tomorrow at 1130 a.m.

6   but I know you'd mentioned that I will be written up for today and basically any other
    appointments thereafter because I don't have any remaining PTO. Would you like me to still

7   show up or will I have to worry that I will be fired?" Cruz responded, "You need to show up
    [to] work you can go to your appointment and return back to work. Make sure you provide

8   me with all of ur Doctors notes I will be at work at 8 am waiting for [y]ou." Claimant then
    lodged a complaint of illegal conduct, writing, "I feel I am being discriminated against for

9   these appointments. I'm high risk and under a lot of stress." Cruz dismissed her complaint.

10  On December 10, 2019, Claimant texted Cruz that she felt threatened and that her stomach
    had been cramping since their conversation, telling her "This is not just me you're affecting

11  my baby as well." Cruz did not respond.

    Later that day, Claimant attended a prenatal visit. Claimant's physician asked Claimant how
12  things were at work. Claimant expressed that she was stressed and explained what was
    happening. Claimant's physician asked if she was experiencing cramping. Claimant

13  responded, "yes." After review, Claimant's physician discovered that the stress was causing
    Claimant to dilate and instructed Claimant to go on disability leave for pregnancy

14  complications.

15  Claimant immediately texted Cruz, "I have been put off work the remainder of my pregnancy
    effective today. I have a note."

16  Claimant's medical note, dated December 10, 2019, indicated Claimant was placed on
    disability effective December 10, 2019 for "Pregnancy-related Complications."

17  When Claimant provide notice of her leave to Respondent, they accused her she was not
    eligible for Disability Leave because she had not been there one year. This was immaterial,

18  as there is no length of service requirement to take Pregnancy Disability Leave. 2 CCR §
    11035(g). An employer must allow an employee who is disabled due to pregnancy, childbirth

19  or a related medical condition to take a leave up to a maximum of four months per
    pregnancy. Gov. C. § 12945(a); 2 CCR § 11042(a). This law applied to Respondent as it is

20  an employer covered by the Fair Employment and Housing Act. Cal. Gov. Code § 12926(d);
    2 CCR § 11035(h).

21  On February 13, 2020, Marla Smith-Fulsom, employed by Respondent as HR Generalist,
    emailed Claimant expressing her that she is in unapproved leave, and that her job is not

22  protected, in violation of Gov. C. § 12945(a); 2 CCR § 11042(a).

    On March 5, 2020, Claimant emailed Smith-Fulsom and asked for clarification regarding her
23  disability leave. Smith-Fulsom never responded.

24  On March 23, 2020, Respondent furloughed Claimant, informing her that she would be
    notified when she could return to work, and that the furlough is not caused by her job
    performance.

25  In August 2020, Claimant noticed that her job was posted on Indeed.com. Respondent
    never reached out to Claimant to reinstate her. Claimant then learned she was being

26

27                                        -3-

28  Date Filed: September 25, 2020

1 | replaced, and wrongfully terminated. An employer must reinstate an employee to the same or comparable position upon return from leave. Government Code § 12945.2(a); 2CCR § 11089(a)(d).

2 |

3 | Respondent used the pandemic as a disguise to cover up an illegal termination of an employee on maternity leave.

4 | Due to the wrongful termination, Claimant suffered extreme anxiety and depression, as well as financial harm. Claimant was unable to enjoy her pregnancy or bonding experience due to the stress inflicted by Respondent. Claimant mourns that the special bonding time with her newborn baby will always be tainted by Respondent's discrimination of her.

5 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-
Complaint – DFEH No. 202009-11366825

Date Filed: September 25, 2020

1 | VERIFICATION

2 | I, **Daphne Delvaux**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
  | on information and belief, which I believe to be true.
4 |
  | On September 25, 2020, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 | **San Diego, California**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | -5-
   | *Complaint – DFEH No. 202009-11366825*

28 | Date Filed: September 25, 2020